UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-6-GFVT-HAI-3 |
| V. | ) | |
| GARRETT LAMB, SR., | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 401.] Defendant Garrett Lamb, Sr., is charged with three violations of his supervised release. [*See id*. at 2-3.] Specifically, Lamb is charged with violating the Standard Condition requiring him to truthfully answer all inquiries and follow the instructions of his probation officer. Lamb violated this condition by lying about an oxycodone prescription and filming himself flushing pills down the toilet in direct violation of USPO Collin's instructions. Lamb is also charged with violating the requirement that he not purchase, possess, or use any controlled substance, and the requirement that he refrain from committing another federal, state, or local crime. [*Id.*] After an initial appearance on June 27, 2017, Lamb was placed in custody of the United States Marshal. [*Id*. at 3.]

At a final hearing on June 30, 2017, Mr. Lamb competently entered a knowing, voluntary, and intelligent stipulation to the first violation, and the Government moved to dismiss Violation #2 and Violation #3. [*Id*. at 4.] Judge Ingram subsequently issued a Recommended Disposition which recommends dismissal of Violations #2 and #3, as well as revocation of Mr.

Lamb's term of supervised release with a term of incarceration of four months, followed by a term of supervised release of one year. [*Id*. at 9.] Throughout the Recommended Disposition, Judge Ingram adequately evaluated the 18 U.S.C. § 3553 factors. He noted that Mr. Lamb's breach of the Court's trust was significant given that Lamb had been shown leniency on numerous other occasions. Judge Ingram stressed the importance of Mr. Lamb demonstrating the strength needed to live a drug-free lifestyle. [*Id*. at 8.] And Judge Ingram also stated that he believed his recommendation is adequate to ensure respect for the Court's authority as well as to address the breach of trust. [*Id*.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 9.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party. Further, Mr. Lamb, through counsel, submitted a notice of waiver of allocution on July 11, 2017. [R. 402.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 401] as to Defendant Garrett Lamb, Sr., is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Lamb is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Lamb's Supervised Release is **REVOKED**;

4. Defendant Lamb is hereby sentenced to a term of incarceration of **six (6) months**; with a term of supervised release of **one (1) year** to follow, under the conditions previously imposed; and

6. Judgment shall enter promptly.

This the 7th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge

3