UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-006-GFVT-HAI-3 |
| | ) | |
| V. | ) | |
| | ) | |
| GARRETT LAMB, SR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 428.] Defendant Garrett Lamb, Sr., has been charged with one violation related to his use of prescription oxycodone. *Id*. at 2.

On May 24, 2012, this Court sentenced Mr. Lamb to fifty-seven months imprisonment for conspiracy to distribute a substance containing cocaine. [R. 298; R. 300.] He began his first term of supervised release on March 9, 2015. [R. 428 at 1.] In June of 2017, the United States Probation Office (USPO) issued a violation report, upon which Mr. Lamb was arrested and his release subsequently revoked for failure to follow the instructions of his probations officer. [R. 403; R. 416.] He was sentenced to an additional six months imprisonment, followed by a year of supervised release. [R. 416.] Mr. Lamb was released to begin his second term of supervised release on December 26, 2017. [R. 428 at 1.]

According to the Supervised Release Violation Report (the Report) issued by USPO on September 18, 2018, Probation Officer Jon Rapier visited Mr. Lamb at his residence on September 11, 2018. *Id*. at 2. Officer Rapier asked Mr. Lamb to produce his oxycodone

prescription, and Mr. Lamb returned with a bottle that had been filled on August 17, 2018. *Id*. The bottle had originally contained 120 oxycodone tablets, according to the label, however, Officer Rapier noticed that the tablets in the bottle were unmarked, inconsistent with the label indicating the tablets should be marked with an M on one side and 0552 on the other side. *Id*. Officer Rapier contacted the pharmacy, who confirmed the tablets given to Mr. Lamb in the prescription bottle should have been marked with an M and 0552. *Id*. Mr. Lamb did not provide an explanation as to why the pills in the bottle were unmarked. *Id*. The Report charges Mr. Lamb with a violation of his conditions which require him to "comply strictly with the orders of any physician or other prescribing source with respect to the use of al prescription medications," a Grade C Violation. *Id*.

Upon his initial appearance before Magistrate Judge Candace J. Smith on October 4, 2018, Mr. Lamb entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 424.] Mr. Lamb requested release due to his medical condition, which the United States did not oppose. [R. 428 at 2–3.] Judge Smith released Mr. Lamb on the previously imposed terms and conditions of his supervision, along with home incarceration and removal of his driving privileges, except for previously scheduled medical appointments. *Id*. at 3. On October 30, 2018, Magistrate Judge Ingram held a final revocation hearing where Mr. Lamb competently entered a knowing, voluntary, and intelligent stipulation to Violation #1. [R. 427.] Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 428.]

With Mr. Lamb's criminal history category of I and a Grade C violation, Judge Ingram calculated his Guideline Range to be three to nine months. *Id*. at 4. At the final hearing, counsel for Mr. Lamb and the Government jointly recommended revocation with three months of incarceration plus a year of supervised release. *Id*. at 3. Judge Ingram also noted that Mr. Lamb

has been participating in ongoing treatment for leukemia. *Id*. at 5.

After consideration of the nature and circumstances of Mr. Lamb's conviction, as well as his history and characteristics, Judge Ingram determined revocation was appropriate. *Id*. at 7. Ultimately, Judge Ingram recommended a term of three months and a designation to serve his sentence at a Federal Medical Center, followed by twelve months of supervised release. *Id*.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Lamb has filed a waiver of allocation. [R. 429.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 428**] as to Defendant Garrett Lamb, Sr., is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Lamb is found **GUILTY** of Violation #1;

3. Mr. Lamb's Supervised Release is **REVOKED;**

3

4. Mr. Lamb is hereby sentenced to a term of incarceration of **three (3) months**;

5. Mr. Lamb **SHALL SELF-REPORT on or before 2:00 p.m. on Friday, November 30, 2018,** to the United States Marshals Office in London, Kentucky;

6. The Court **RECOMMENDS** to the Bureau of Prisons that Mr. Lamb be designated to a Federal Medical Center to continue treatment of his medical conditions;

7. Upon completion of the term of incarceration, Mr. Fredrick is hereby sentenced to a term of supervised release of **twelve months** under the conditions previously imposed; and

8. Judgment shall enter promptly.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge